ing at the hearing and opposing the granting of the decree of divorce that the statutory fee is allowed; that inasmuch as he did not introduce evidence or oppose the granting of the decree, he was not entitled to the statutory fee.

405 NOLAN vs. RECORDERS' COURT JUDGE (Detroit), No. 13264.

To compel respondent to certify that relator is entitled to additional compensation for services as attorney in a criminal case under How. Stat., Sec. 9047, on appeal to the Supreme Court.

Denied January 18, 1893, without costs.

It appeared that although relator had assisted in the trial below, another had been appointed by the court to defend, whose bill had been certified for that service; that relator had not been substituted, and no order directing or allowing or appointing relator to take or conduct an appeal had been made.

406 HAYES (Prosecuting Attorney) vs. CIRCUIT JUDGE (Montcalm), No. 14477.

To set aside an order holding that an attorney appointed to assist the relator in the trial of a criminal cause was disqualified under How. Stat., Sec. 7254.

Denied November 23, 1894.

407 FLETCHER ET AL. vs. CIRCUIT JUDGE (Kalkaska), 81 M., 186.

To vacate an order allowing an ex-sheriff fees for the personal custody of attached property.

Granted June 6, 1890.